# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALVIN PARKS, | : | |
|     *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-2070 |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | |
|     *Defendants*. | : | |

**MEMORANDUM**

**PAPPERT, J.**                                                                                                                                                                                                                    **JUNE 5, 2019**

      *Pro se* prison inmate Calvin Parks sued the City of Philadelphia, the Philadelphia Police Department, Police Officers Patrick Dooley and William Postowski, Jr. and Police Commissioner Richard Ross pursuant to 42 U.S.C. § 1983.[1] He also filed a motion to proceed *In Forma Pauperis*. Because it appears that Parks is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. The Court nonetheless dismisses Parks' Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because his claims are time barred.

I

      Parks alleges that on November 17, 2015, Officers Dooley and Postowski responded to a police radio call concerning two suspicious males in a Dodge Durango pickup truck near Comly and Alma Streets. (ECF No. 2 at 13.)[2] The Officers determined that the vehicle, which was at that moment unoccupied, had been reported stolen. They eventually observed the truck drive down Alma Street and pulled their

---

[1] Parks filed his Complaint using the Court's preprinted form and submitted a separate typewritten Complaint that were docketed as one document. The Court considers both documents to constitute the Complaint in this case.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.)

own vehicle in front it. (*Id.*) When Parks got out of the truck and took a few steps, Dooley pulled his taser and told Parks to get to the ground. (*Id.* at 13-14.) Parks complied and was placed in the police vehicle while the Durango was searched. The search revealed a firearm in the second row within arm's reach of where Parks was seated. (*Id.* at 3.) He was taken to the police station, charged with stealing the truck, along with firearms violations and fingerprinted and photographed. (*Id.*) Because Parks was subject to a probation detainer, he was denied bail. (*Id.*)

While in custody in Philadelphia, he was rearrested on March 1, 2016 for crimes he allegedly committed in Pottstown. The arrest purportedly resulted from a victim identification taken from Parks's Philadelphia Police photograph. (*Id.* at 15.) Parks alleges that the victim involved in the Pottstown crime, prior to being shown the photograph, was unable to give a description to the responding officer at the scene or at an interview with detectives two days later. (*Id.*) Parks contends that his arrest in Philadelphia was unlawful and the resulting Pottstown arrest was also unlawful because of the use of the Philadelphia photograph. (*Id.* at 15-16.) Specifically, he claims that the Defendant police officers lacked probable cause to conduct an investigatory stop of the truck because they lacked a reasonable suspicion that Parks was engaged in criminal activity. He seeks a declaration that the Defendants violated his rights in conducting the stop, an injunction ordering Defendant Ross to remove and destroy his photograph, and money damages. (*Id.* at 19.)

A review of public records shows that a defense motion to suppress evidence obtained as a result of Parks's arrest on November 17, 2015 was denied by the Philadelphia Court of Common Pleas on January 19, 2018. *See Commonwealth v.*

2

*Parks*, Nos. CP-51-CR-1629-2016, CP-51-CR-1630-2016. However, the charges lodged in Philadelphia resulting from the November 17, 2015 arrest were *nolle prossed* on May 15, 2018. *Id.* The Pottstown arrest led to 96 counts lodged against Parks in an information filed on April 19, 2016 in Montgomery County, including charges of robbery, conspiracy, burglary, possession of firearms, terroristic threats, theft by unlawful taking, receiving stolen property, assault, false imprisonment, and recklessly endangering another person. *Commonwealth v. Parks*, No. CP-46-CR-1666-2016. On January 23, 2017, the Montgomery Count Court denied Parks's motion to suppress and he was found guilty of numerous charges in a bench trial, with other charges being *nolle prossed*. *Id.* Parks filed a motion for new trial on October 12, 2018, which remains pending. He is currently scheduled to be sentenced on June 19, 2019.

II

The Court will grant Parks leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this lawsuit.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations

---

[3] However, as Parks is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

omitted). Conclusory allegations do not suffice. *Id.* As Parks is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions in the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The statute of limitations for personal injury actions is two years in Pennsylvania. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint. *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). That is the case here; Parks's claims are time barred. His arrest in Philadelphia and the taking of his photograph during his booking occurred on November 17, 2015, more than two years prior to the filing of the Complaint on May 13, 2019. He was rearrested on the

4

Montgomery County charges, allegedly based on the booking photograph on March 1, 2016, also more than two years prior to the filing of the Complaint. Finally, Parks was reasonably aware that he had suffered an injury at the time of his Philadelphia arrest since he alleges that the Defendant police officers lacked reasonable suspicion to conduct the traffic stop and lacked probable cause to effectuate the arrest. [4]

An appropriate Order follows.

                              **BY THE COURT:**

                              */s/ Gerald J. Pappert*
                              **GERALD J. PAPPERT, J.**

---

[4] The Discovery rule, which can operate to toll the statute of limitations when the plaintiff is "reasonably unaware that he has been injured and that his injury has been caused by another party's conduct," does not apply here. See *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018).